1

2

3

4

5

6

FILED & ENTERED

SEP 03 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY steinber   DEPUTY CLERK

7

8

9

10

11

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| 12   **IN RE:** | CHAPTER 7 |
| 13   **CHERI FU** | Case No.:  8:09-bk-22699-TA |
| 14   **THOMAS FU** | Adv No:   8:13-ap-01247-TA |
| 15 | **ORDER  DENYING MOTION FOR CONTINUANCE OF HEARING** |
| 16   **DEBTOR(S).** | |
| 17   **U.S. TRUSTEE** | Date:  Sept. 11, 2014<br>Time:  2:00 p.m.<br>Courtroom:  5B |
| 18 | |
| 19   **PLAINTIFF(S),**<br>**V.** | |
| 20 | |
| 21   **THOMAS CHIA FU, CHERI L SHYU** | |
| 22 | |
| 23 | |
| 24   **DEFENDANT(S).** | |

25

26

27

28

        This is an action to deny discharge under 11 U.S.C. §727(a)(7).  The plaintiff's Summary

Judgment motion is currently scheduled for hearing September 11, 2014.  Judgment is requested

under two theories: (a)(3) [destruction falsification or failure to preserve records] and (a)(4)

-1-

1  [false oath]. The debtors/defendants Cheri and Thomas Fu filed in chambers their Motion to

2  Continue Hearing on Plaintiff's Motion for Summary Judgment on August 21, 2014.  The

3  continuance is opposed by the plaintiff United States Trustee.

4        This adversary proceeding is not a young case.  It has been pending since July 25, 2013.

5  The summary judgment motion was filed June 19, 2014, after several status conferences where

6  such a motion was promised had passed without demonstration of much progress in the case (on

7  any side). The defendants argue primarily that yet more time should be granted (well into 2015

8  apparently) because they are incarcerated in federal prison and have only within the last month

9  hired counsel.  The court is not impressed with any of the arguments raised by defendants.

10        First, while the court is sympathetic to the additional difficulties faced by incarcerated

11  defendants, and even more so their recently hired counsel, this cannot be used as an excuse to

12  delay the matter more or less forever.  As stated, this is not a rushed proceeding.  It has been

13  pending awhile and if the defendants have not been able or seen fit to prepare their case, they

14  cannot expect this court and the other parties to wait on their schedule. Nor can they wait for the

15  last minute to hire counsel and expect everyone else to adjust accordingly.

16        Secondly, even if the case had not been already delayed, the other reason stated in the

17  motion for a continuance is not well founded.  As the U.S. Trustee correctly observes, the false

18  oath theory under §727(a)(4) is straightforward.  It does not require lengthy discovery or more

19  time.  Either the defendants made a false oath in connection with the case, or they did not.  Even

20  the defendants have admitted that the "Direct Trial Testimony Declaration of Cheri Fu" [main

21  docket # 104] filed August 23, 2010 in opposition to the involuntary petition contains a lie. Ms.

22  Fu declares unequivocally that she did not falsify invoices or packing lists to defraud lenders and

23  that the trustee's testimony to that effect was wrong. [RJN Ex. 7 at 241 and 244]   But in

24  defendants' Motion for the continuance [p.3, lines 8-15] they now admit that such activity in fact

25  occurred, but attempt to mitigate this as causing *only $4.7 million* in damages, not the entire

26  $233 million lost by the banks. The defendants have little alternative but to admit this as it was

27  the express basis offered in a change of plea agreement given in District Court.  Defendants

28  misunderstand the gravamen of the plaintiff's complaint and the summary judgment motion

1  under §727(a)(4).  This is not a §523 theory, where the amount of damages awarded is tied to

2  proof of a specific fraud and so the measure of damages becomes relevant.  Rather, §727

3  operates on an "all or nothing" calculation; or stated differently, *any* false oath on a material

4  issue in connection with the case is sufficient for a general denial of discharge. Defrauded parties

5  will need to prove up their specific damages on their §523 actions if they expect judgments for

6  money from this court, or they might elect to pursue the matter to judgment in other courts if

7  discharge is denied.  Either way, argument about the need to conduct extensive discovery here to

8  prove lesser damages is unconvincing because it is irrelevant.

9         The U.S. Trustee acknowledges that a continuance regarding the §523(a)(3) [failure to

10  preserve records or falsification of records] might be appropriate.  The court will consider a

11  continuance on that portion at the hearing to the extent that the plaintiff wishes to further proceed

12  on its second theory.

13         ###

Date: September 3, 2014

Theodor C. Albert
United States Bankruptcy Judge